Allen Beasley
POB 14028
Phoenix, AZ  85063
623-552-8292

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

FILED ___ LODGED
RECEIVED ___ COPY

SEP 24 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

Allen Beasley, Pro Se litigant )
       Plaintiff, )
vs. )
City of Phoenix, et, al., Greg Stanton-City Mayor, Ed Zuercher-City )
       Manager, Dan Garcia-Police Chief, Brian Riggan- )
       PSB (Internal Affairs), Tadd Cline-PSB (Internal )
       Affairs), Dustin Perkins-9049, Steve Harkin-City )
       Claims Adjuster II, Assadulah Ali-6881, Jacob Lewis- )
       8247, Ryan Petker-8097, Carl Ramirez-8159, Jesse ) **COMPLAINT**
       Jansma-9573, Travis LaChance-7854, Ryan Nielsen- )
       8028, Justin Gierish-9127, Jose Rodriguez-9318, )
       Stanley Warrior-7295, Gregory Golisch-9130, )
       Warren Brewer-6828, Carlos Sanders-9031, Todd )
       Murphy-8965, Randy Johnson-9203, Bill )
       Montgomery-Maricopa County Attorney, )
       Defendant )

CV-14-2121-PHX-ROS

## Jurisdiction

The US District Court-AZ bears territorial, subject matter & diversity jurisdiction & process may be served anywhere within AZ.  In addition, the amount of relief displayed in "Demand" is beyond $75000 USD.  28 USC 1391(b)(1)(c)(2), 28 USC 1332(a)

## Complaint

This matter began in full-value solar light on the evening of 27 April 2013 with the Plaintiff openly conducting Light Infantry PT (Physical Training) as is normal in open public. While this training is constant, this specific training, was for the purpose of preparing for a very difficult OCONUS contract to begin, 15 August 2013.  The Plaintiff was equipped with a set of military ALIO Series 3 LBV (load bearing vest) with magazine pouches, accessories, runner's 2.25" external headphones which were greatly elevated, sand operator pants, (5) 5.56mm rifle magazines in the magazine pouches & 2 bright blue training devices, known in the military as "rubber ducks" & as firearm simulators to the police community.  One of the training devices was a clearly displayed bright blue M4 Carbine replica on a 3-point sling & carried in the right hand only.  The other was a bright blue M1911A1 Pistol replica holstered in the Top-Center (B Holster) holster of the LBV (load bearing vest).   These training devices are of the exact type used by the varying police agencies across the US throughout the careers of their employees to include all persons whom have acquired their qualifications via AZPOST (Arizona Peace Officers Standards & Training).  The training devices are composed of centrifuged dyed gel, contain no moving parts & are dead in function.  The City's armed employees whom are formerly of US or UK Military combatant forces are also likewise familiar with or have personally witnessed the conduct of Light Infantry PT (physical training) while in military service & knew there was no cause for alarm.  The Plaintiff was alone, non-hostile, non-provocative & neither presenting a hazard to Public, property, City employees, nor self, nor causing a frightened reaction to the mass of people in or at close proximity to Marivue Park or anywhere else along the training route.
Several of the residents throughout the area are familiar with the years of training conducted in open public while many are not.  The Plaintiff was clearly running 2 full orbits of Marivue Park (5625 West Osborn, Phoenix, 85031) & completing batteries of push ups at each corner, minus the SW corner on the 2nd orbit.  The Plaintiff trained at Marivue Park for 21 minutes & was proceeding south on 57th Avenue from Flower Street, toward Earll Drive, at which time, he noticed a Chevy Impala further south on 57th Avenue at possibly 250 meters, which was oriented North, toward the Park & Maryvale High School.  The vehicle was stationary near the cluster of mailboxes on the west side of 57th Avenue, at 3018 N & 3024 N 57th Avenue (85031).  A single occupant was noticed in the driver position.  Other than the fact, no vehicle of that type had ever been noticed there previously, it was disregarded as being one of the neighbor's (3024 N 57th Ave) many associates or family members who visit regularly on the weekends.  Continuing southward to a point in between Flower St & Earll Drive, but along the west perimeter of Marivue Park, another Chevy Impala approached & was in the center of 57th Avenue in the area of 2944 N & 3002 N 57th Avenue (85031), at possibly 275-300 meters.  The vehicle was oriented North & was either immobile or creeping forward (north).  It was assumed at first, the vehicle driver was seeking an address due to his behavior.  The occupants of the vehicles had eyes on the Plaintiff & his equipment for up to 2 minutes.  One of the vehicles was red & the other, blue.  As the Plaintiff passed Earll Drive on 57th Avenue & approached the turn at Avalon Drive, the further vehicle began to accelerate until the vehicle was nearly meeting the Plaintiff as each turned west onto Avalon Drive.  As the vehicle pulled-over in front of 5702 West Avalon, the driver was then assumed to be an associate of the neighbor. He, likewise, entertains several guests on the weekends.  One of the neighbor's associates owns an Impala, so it was ignored as belonging to that associate.  There were 2 Chevy Impalas.

Allen Beasley
POB 14028
Phoenix, AZ  85063
623-552-8292

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen Beasley, Pro Se litigant )<br>　　　　　Plaintiff, )<br>vs. )<br>City of Phoenix, et, al., Greg Stanton-City Mayor, Ed Zuercher-City )<br>　　　　Manager, Dan Garcia-Police Chief, Brian Riggan- )<br>　　　　PSB (Internal Affairs), Tadd Cline-PSB (Internal )<br>　　　　Affairs), Dustin Perkins-9049, Steve Harkin-City )<br>　　　　Claims Adjuster II, Assadulah Ali-6881, Jacob Lewis- )<br>　　　　8247, Ryan Petker-8097, Carl Ramirez-8159, Jesse ) **COMPLAINT**<br>　　　　Jansma-9573, Travis LaChance-7854, Ryan Nielsen- )<br>　　　　8028, Justin Gierish-9127, Jose Rodriguez-9318, )<br>　　　　Stanley Warrior-7295, Gregory Golisch-9130, )<br>　　　　Warren Brewer-6828, Carlos Sanders-9031, Todd )<br>　　　　Murphy-8965, Randy Johnson-9203, Bill )<br>　　　　Montgomery-Maricopa County Attorney, )<br>　　　　Defendant ) | |

**COMPLAINT**

The Plaintiff was nearing the end of the 14-mile run. He was on the public sidewalk at the point at which the north sidewalk joins the concrete parking area at 5702 West Avalon. At which time, the Plaintiff noticed his adult male neighbor & his 2 young sons near the house & the 2 parties waved to each other. The individuals in the Chevy Impalas viewed this open display of friendliness. Quickly, the male neighbor's demeanor & facial expression changed & the Plaintiff turned & dipped his head downward for the purpose of a more scrutinous look to the rear. The Plaintiff was aggressed by multiple armed City employees as listed above, whose vehicles in coordination with the Impalas, were components of a Vehicle Block. As the Plaintiff became aware of this activity developing to his rear, he noticed Jacob Lewis-8247 (Figure A) at the 11:30-12 O'Clock position, 7 meters away & orienting an M4 Carbine or CAR15 HBAR (heavy barrel) in the Plaintiff's direction with the point of aim being the higher center of his mass. Travis LaChance was at 6.5 meters (closer than Lewis), at the 12-12:30 Position, visibly-unarmed & carrying a 2-Way Radio or Nextel-Battle Phone in his right hand. His position told the Plaintiff the only thing of relevance, as he neither sought hard cover nor concealment. He was aware the devices were benign training instruments. Ryan Petker-8097 was armed with either a Glock .40 Caliber or 9mm Pistol, was on the far side of the near Impala, moving under cover with the weapon oriented toward the earth. He raised the sidearm, orienting it in the Plaintiff's direction, moved from the 2 O'clock outside of the zone of protection afforded by the Impala to the 3 O'clock. He obviously noticed the device carried by the Plaintiff was nothing more than a benign training device as his Glock was then oriented toward the planet. If he thought otherwise, his sidearm would not be oriented toward the earth. He halted at approximately 5 meters.

As this was occurring, out of aggressive reaction, the Plaintiff raised his left arm & extended his first finger toward Jacob Lewis-8247 & yelled either, "Get that god dam M4 out of my face, or 'Get that f%%king M4 out of my face"! With the upset utterance having passed, the Plaintiff consciously-restrained himself & displayed the training device in a "muzzle down" position so it could be seen in very plain view. It was hooked behind the rear of the Plaintiff's right leg. Unlike the consistent false information displayed within the Incident Report, the Plaintiff never approached the City employees & never displayed the training device in any other way other than what was described earlier. Carl Ramirez & his associates attempted to paint the Plaintiff as being a person who was confused, delusional or otherwise mentally broken, while not understanding the Plaintiff comes from an Assessment & Selection program which far exceeds anything which any of them are aware. The Plaintiff is a veteran who became a high-risk security & operations contractor whom has been psychologically-evaluated each year, from 2010-2013 prior to embarking upon a contractual obligation & at no time ever showed adverse behavior or experienced a psychotic episode under stressful conditions. The psychological evaluations were not administered locally thru a Phoenix PD clinical psychologist, but instead at Ft Meade, MD, Ft Bragg, NC & at Langley, VA by an "Advanced Neuro-Psych', 'PsyOps' or 'Adverse Intelligence Specialist". The train of events thus far was recorded as audio evidence by the nearest 4 vehicles, Travis LaChance's Chevy Impala, Lewis' & Petker's Chevy Tahoe truck, the Ford Crown Vic sitting behind the near Impala & the west-most vehicle, a Ford Crown Vic on the south side of Avalon. The Defendant declares, there was no audio-visual evidence captured by any of the vehicles but refuses to allow for an independent investigation or the conduct of an evidentiary investigation of the audio-visual devices by a private institute. The Defendant will not allow the Plaintiff to examine any of this audio-visual evidence, nor the audio file which is nothing more than a recording composed by Carl Ramirez-8159, from which multiple twisted statements were later devised.

Allen Beasley                                                                                                                3
POB 14028
Phoenix, AZ  85063
623-552-8292

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Allen Beasley, Pro Se litigant                           )
        Plaintiff,                                  )
vs.                                                                  )
City of Phoenix, et, al., Greg Stanton-City Mayor, Ed Zuercher-City  )
        Manager, Dan Garcia-Police Chief, Brian Riggan- )
        PSB (Internal Affairs), Tadd Cline-PSB (Internal )
        Affairs), Dustin Perkins-9049, Steve Harkin-City )
        Claims Adjuster II, Assadulah Ali-6881, Jacob Lewis- )
        8247, Ryan Petker-8097, Carl Ramirez-8159, Jesse  )  **COMPLAINT**
        Jansma-9573, Travis LaChance-7854, Ryan Nielsen- )
        8028, Justin Gierish-9127, Jose Rodriguez-9318,   )
        Stanley Warrior-7295, Gregory Golisch-9130,       )
        Warren Brewer-6828, Carlos Sanders-9031, Todd     )
        Murphy-8965, Randy Johnson-9203, Bill             )
        Montgomery-Maricopa County Attorney,              )
        Defendant                                         )
_____ )

**COMPLAINT**

It is not disputed, the Defendant had Reasonable Cause to conduct an investigation of the Plaintiff's activities but while neither INITIATING hostilities nor INSTIGATING a violent episode.  The City's employees, more akin to a band of pumped-up, gung-ho young kids with weapons, did what they wanted to do out of boredom & desire, not necessity.  Contrary to the statement later released by Mr Joe Knott of the PSB, the Defendant failed to establish the necessary Probable Cause to even touch a firearm, let alone orient a 5.56mm Carbine in the Plaintiff's direction.  There was no suspicion of a crime having been committed, being committed nor was there the assumption, a crime was about to be committed.  There was no evidence showing the Plaintiff was committing any other act except for running in open public with an openly-displayed "rubber duck" or firearm, neither of which is an illegality in the State of Arizona.  The bottom line is, the City's employees did not have any legal right to create "Havoc & Mayhem" with a non-hostile subject who was carrying a training device, unnecessarily strike, tackle & then arrest the Plaintiff as though he was the instigator of the "Havoc & Mayhem".  The City's employees did not have the legal right to misrepresent facts & mis-communicate data for the purpose of aiding in establishing Probable Cause nor aiding in malicious prosecution.  There was supposedly a report of a suspicious person in the area, yet it was well known this person was non-hostile & non-provocative.  Regardless, of the call &/or complaint, the violence did not begin until the Defendant arrived.  Furthermore, the non-professional person in public making the call isn't responsible for the actions, reactions, errors, or levels of dysfunction on the part of the Defendant, nor is the Emergency Dispatch Center operator responsible for the Defendant's inadequate training (Inidividual & Vicarious Liability), lack of restraint & lack of integrity.

More so, the Defendant initiated hostilities outside of the Procedures of Escalation of Force, which is the Bible each individual professionally-trained police agency creates as a guideline for its employees & by which it is supposed to abide.  The event was captured by the shirt-cams worn by each Jacob Lewis & Ryan Petker.  Travis LaChance was wearing sunglasses.  Though it was difficult to determine, a recording device may have been attached.  Later in, 2014, following the Incident, the Defendant, through its Records facility at 1717 East Grant, is stating, the imagery of 1 device is being checked for redactions prior to release.  Supposedly, this is the only source of evidence, accept for the fact, at the minimum, Jacob Lewis & Ryan Petker were wearing these devices & up to 3 others.  The Plaintiff has been waiting for the data to be released which was captured by this single recording device since 9 June 2014.  Though there was an investigation in-process during the period following the arrest & disposition requested by each the Licensing Unit & the Criminal Records Section of the AZ DPS, the City of Phoenix states, it cleared all "911 Audio & Communications" regarding this incident 160 days following the date of the Incident.  How intensely convenient!  In addition, during the arrest & initial process, the City employees had a few specific remarks for the Plaintiff.  First, an unidentified City employee asked, something to the effect of, "What happened?  What was all that about"?  A reply came from one of his cohorts.  He said, "We went after him because he (or we-indistinct) thought he was a Mexican".  Within minutes of the previous statement being made, one of the Defendant's supervisors stated, "We are reporting your name to DHS as being a Probable Terrorist".  There are 13, but up to 15 direct 1st-Person witnesses to this incident, with 2 of them having captured live imagery on their electronic recording devices.  The Defendant surrounded 2 of the witnesses, 1 with a camera, who took refuge within her home & secured the door behind her.  As the City's employees realized many eyes were upon them, they calmed the situation & requested the female parent of 5702 W Avalon return to her front yard so they may view the imagery.  They refused the evidence & departed with a disgruntled attitude.  Later, upon the Plaintiff's release from jail, he sought out his Sons.  He then turned his focus to engaging in discussion with Mr Bill Montgomery & the witnesses.  The neighbors were openly speaking of the situation & declaring their observations.  Unfortunately, the neighbors refused to declare their observations in court.

Allen Beasley 4
POB 14028
Phoenix, AZ  85063
623-552-8292

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Allen Beasley, Pro Se litigant )
    Plaintiff, )
vs. )
City of Phoenix, et, al., Greg Stanton-City Mayor, Ed Zuercher-City )
    Manager, Dan Garcia-Police Chief, Brian Riggan- )
    PSB (Internal Affairs), Tadd Cline-PSB (Internal )
    Affairs), Dustin Perkins-9049, Steve Harkin-City )
    Claims Adjuster II, Assadulah Ali-6881, Jacob Lewis- )
    8247, Ryan Petker-8097, Carl Ramirez-8159, Jesse )  **COMPLAINT**
    Jansma-9573, Travis LaChance-7854, Ryan Nielsen- )
    8028, Justin Gierish-9127, Jose Rodriguez-9318, )
    Stanley Warrior-7295, Gregory Golisch-9130, )
    Warren Brewer-6828, Carlos Sanders-9031, Todd )
    Murphy-8965, Randy Johnson-9203, Bill )
    Montgomery-Maricopa County Attorney, )
    Defendant )
_____ )

**COMPLAINT**

The greatest difficulty being encountered by the Plaintiff is not the lack of information coming from the Defendant in the way of evidence, though this is a significant problem. The greatest difficulty is the lack of reporting coming from the local residents. Many are native Mexicans, while the others are their sons & daughters born in the US. The Defendant, specifically, its Maryvale Precinct, has the local Hispanic population gripped in fear. The effect this precinct has on the local Hispanic population is similar to the effect the varying Sheriff Departments had on the black population strewn throughout the rural areas of Mississippi, Tennessee & Georgia during the time periods of Civil Rights & Segregation. The Plaintiff's primary witnesses will not speak unless they have a written & signed promissory note from a State or Federal Judge, guaranteeing their protection. They are all concerned about Phoenix PD retaliation, especially in the way of bogus traffic stops. The Plaintiff was placed into the custody of the Maricopa County Sheriff Office & incarcerated at Towers Jail. He was supposed to be locked up for a year before receiving a trial. It was indicated by a female employee from PSA, the Plaintiff was facing an additional 5-10 years of incarceration in a State Prison. The Plaintiff gave the female employee from PSA a summary of the situation & asserted himself to see a judge. At that time, a similar summary was given. This is a situation which has been relayed to others which left them with an open mouth & stating, "You gotta be f%$king kidding me', & 'This is unbelievable! Did you take this to Senator McCain"? Mexicanos whom have heard this have exclaimed, "Aye Dios Mio"! "Oh My God"!

This is a matter which clearly involves numerous instances of Police Misconduct (misrepresenting facts egregiously, maliciously & so wantonly so as to shock a hardened person & falsely communicating data to establish Probable Cause, unnecessary use of force, ethnic profiling aiding in a false arrest, making a false report to the DHS of the Plaintiff being a Probable Terrorist, willfully twisting the Plaintiff's words at & after interview, false detention, Civil Rights violations, habitual & malicious lying with the intent to injure, destruction of & tampering with evidence, attempting to "conceal" the Plaintiff's US Military Id Card, avoiding 13-15 direct witnesses, refusing 3rd party camera evidence & false reporting of the Internal Affairs investigators), multiple episodes of Administrative Misconduct & several examples of senior City management & County Attorney Abidance, Tolerance & Orchestration of Misconduct. The City of Phoenix, certainly, Mr Steve Harkin, the City claims adjuster & only point of contact, became aware, the Plaintiff was aware of this growing example of Mass Misconduct, perhaps Criminal or Civil Conspiracy, Individual & Vicarious Liability. In response, he made a "deceptive" application of ARS 12-821, invalidating the Notice of Claim associated with City File 13-0360-001. The County Attorney, the City, as well as its Police Dept had to conceal their many errors & the intentional, malicious acts of their employees. Otherwise evidence of said "Misconduct" would hit the Public & also find its way in front of a Federal Judge who isn't a County or State employee. The Defendant has not only invalidated any protection afforded by ARS 12-821 by concealing evidence of mass misconduct with its application, but has also abused the legal process in using the State's law in a further act of Administrative Misconduct by intentionally misleading a non-attorney citizen with whom there was an agreement, which the City's employees caused to fall into homelessness. In explaining the above application, Mr Harkin produced a notice per mutual agreement, in which we were to keep each other "very well-informed". Dated 11 March 2014, it advised the Plaintiff of the approaching 27 April accrual on the Statute, which wasn't previously known to the Plaintiff. The notice was placed into the mail system on 18 April 2014 at an East Valley USPO, not from within Central Phoenix. Unknowingly to Mr Harkin, a USPS automated sorter stamped the envelope with "18 April 2014". The notice was recovered at the Plaintiff's POB on 21 April while on the way to work.

Allen Beasley
POB 14028
Phoenix, AZ  85063
623-552-8292

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen Beasley, Pro Se litigant<br>        Plaintiff,<br>vs.<br>City of Phoenix, et, al., Greg Stanton-City Mayor, Ed Zuercher-City Manager, Dan Garcia-Police Chief, Brian Riggan-PSB (Internal Affairs), Tadd Cline-PSB (Internal Affairs), Dustin Perkins-9049, Steve Harkin-City Claims Adjuster II, Assadulah Ali-6881, Jacob Lewis-8247, Ryan Petker-8097, Carl Ramirez-8159, Jesse Jansma-9573, Travis LaChance-7854, Ryan Nielsen-8028, Justin Gierish-9127, Jose Rodriguez-9318, Stanley Warrior-7295, Gregory Golisch-9130, Warren Brewer-6828, Carlos Sanders-9031, Todd Murphy-8965, Randy Johnson-9203, Bill Montgomery-Maricopa County Attorney,<br>        Defendant | **COMPLAINT** |

**COMPLAINT**

A message requesting further information & following the sender's instructions was returned via email at 2:30am, 22 April, again the next day & then once more on 24 April with a phone call. There was no answer unlike with previous calls in 2013 which were answered immediately. The Plaintiff sought advice of an associate, but immediate consult was unavailable. Consult was sought with "a local firm" but it didn't practice civil litigation. A message from Mr Harkin was received via email, at 1343/1:43pm on 24 April, while the Plaintiff was preparing to travel to work. It was reviewed later in the day, was inadequate & felt deceptive. Following this message, all further attempts at contact were answered with automated replies. Another Notice of Claim was created with the falsely-composed Incident Report as its foundation. It was legally-filed & received by the Defendant within the 180-day response window. While the 2nd Notice of Claim stands alone, it is directly associated with the prior NOC, & the fictitious content of the Incident Report provides ample evidence of mentioned intent to injure, slander & defame the Plaintiff. Once the Defendant's actions & the IR are dissected & ALL of the UNALTERED audio-visual evidence is exposed, the Court will realize, the Defendant has neither ground upon which to stand nor from which to make a sound argument nor from which to claim protection under ARS 12-821 or any other ARS. Mr Harkin, his cohorts & his seniors have illegally implemented the law & conducted the City's affairs with an evasive sense of business ethic. Any application of the law is invalid if it is falsely or deceptively administered or otherwise connected to or intended to conceal an illegality or deceptive practice, such as willfully misrepresenting data so as to create hysteria & fear among the Public & to aid in very malicious prosecution or falsely reporting details in an Incident Report. It should be known, the Plaintiff can prove much of this with the data available through a preponderance of hard evidence & significant circumstantial evidence which is beyond simple coincidence. There is a reason for the Defendant's need to bury its head in the sand.

**Demand**

The Plaintiff is asking the Court to both invalidate the Defendant's protection under ARS 12-821, making this Complaint effective & to order the Defendant(s) to honor the Notice of Claim associated with City File 13-0360-001 & more current Notice of Claim which went unanswered. The Plaintiff moved his Family & lost a foreign Private Security contractual opportunity, local employment & home due to the multiple & repetitious episodes of misconduct. The acts of the Defendant & its Incident Report were endorsed & supported by senior City management, the Police Chief, Maryvale Precinct, PSB & by the Maricopa County Attorney Office. However, the Rights to Due Process & to a Fair & Speedy Trial & all associated Rights to include the Questioning of Witnesses under oath were disallowed. With the mass misconduct, phony felony & misdemeanor charges, the false IR & jail record, the City has wrecked all possible chances of any meaningful employment & has crashed the Plaintiff's livelihood. OCONUS employment in the near & mid-term, 15 August 2013-15 August 2018, was worth $275000 per year plus bonuses for 5 years-an earnings loss of $1.375M USD + bonuses. Now, the Plaintiff is excluded from any other occupation in contracting for which He, a veteran, is the preferred candidate. The data within the Incident Report is publicly available. Its impact & the report of being a Probable Terrorist are equally critical to the Plaintiff's life & future hiring & represents a figure of at least $2M USD in lost 2018-28 earnings. Relief in the amount of $2.5M USD is fair (42 USC 1983), as is the destruction of all relative records, DNA, physical evidence & electronic fingerprints (ARS 13-4051). This request is made as the Defendant is fully aware, this episode should have never occurred & is equally aware, the City's employees provoked this.

Dated:   September 2014

*Allen Beasley*
Allen Beasley
POB 14028
Phoenix, AZ  85063
623-552-8292, please use cosavolsec@yahoo.com